**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Larry Michael GETCHEL, Defendant-Appellant.**

No. 71–3048.

United States Court of Appeals, Ninth Circuit.

Sept. 25, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

———◆———

Roger S. Hanson (argued), of Hanson & Milman, Beverly Hills, Cal., David Unrot, Los Angeles, Cal., for defendant-appellant.

William C. Smitherman, U. S. Atty., James M. Wilkes, James E. Mueller, Asst. U. S. Attys., Tucson, Ariz., for plaintiff-appellee.

Before MOORE,* MERRILL and TRASK, Circuit Judges.

PER CURIAM:

Defendant Larry M. Getchel appeals from a judgment of conviction after a jury trial (Caleb R. Layton, D.J.) for the illegal importation of marijuana (28½ pounds) and hashish (3 grams) in violation of 21 U.S.C. § 176a. Indictment, Count II. Count I, charging conspiracy, was dismissed.

■ Appellant primarily challenges the sufficiency of the evidence to prove possession or knowledge of illegal importation of the narcotics. He claims that the evidence was entirely circumstantial and did not justify submission to the jury.

The chain of circumstantial evidence may be briefly summarized as follows:

Appellant, with another person, entered the United States from Mexico at Lukesville, Arizona, in a camper (pick-up truck). Suspicious circumstances caused customs officials to follow the truck. Later that night the same truck was observed on a road closely paralleling a Mexican highway. The lights were turned off and when customs officials attempted to stop the vehicle it sped up, forcing an Agent off the road. Something fell or was thrown from the back of the camper. It proved to be a large sack and smaller boxes containing marijuana and hashish. The camper was discovered abandoned off the highway in the desert. Tennis shoe footprints led to Ajo, Arizona, where in the train yard were found the same tennis shoe tracks and a night bag which had been run over by a train. The Agent pursued the daily copper train out of Ajo, found the appellant on it, and arrested him. His shoes matched the footprints found around the abandoned camper. In his jacket pocket was marijuana debris and in his shirt the keys to the camper.

■ From the witness stand appellant gave a version of his activities quite at variance with the Government's proof. Appraisal of the many inconsistencies in his testimony was for the jury. Attempted flight was also a factor to which the jury was entitled to give consideration. (Shorter v. United States, 412 F.2d 428 (9th Cir. 1969); Rossetti v. United States, 315 F.2d 86 (9th Cir. 1963).)

As to illegal importation, the Government identified the marijuana as having originated in South America. Appellant's effort to disassociate himself from marijuana and the camper failed. The trial court's charges correctly stated the law. No exceptions were taken.

The judgment of conviction is affirmed.

---

* The Honorable Leonard P. Moore, Senior Circuit Judge of the Second Circuit, sitting by designation.