**UNITED STATES of America,**
**Appellee,**

v.

**David JACKSON, Jr., Appellant.**
**No. 72–1025.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Nov. 8, 1972.

Frederick C. Blackledge, Des Moines, Iowa, on brief for appellant; David Jackson, Jr., pro se.

Allen L. Donielson, U. S. Atty., Des Moines, Iowa, on brief for appellee.

Before MATTHES, Chief Judge, and LAY and HEANEY, Circuit Judges.

MATTHES, Chief Judge.

The sole issue presented by this appeal is appellant's contention that Congress, in repealing the narcotics trafficking statutes under which he was indicted, did not save for prosecution violations of those statutes which had not been the subject of an indictment returned prior to the effective date of the repealing statute. We reject that contention and affirm the conviction.

By an indictment returned on October 8, 1971, appellant was charged with having violated 26 U.S.C. §§ 4704(a) and 4705(a), and 21 U.S.C. § 174. The indictment alleged the violations occurred on April 29, 1971. Pursuant to a jury verdict, appellant was convicted on all three counts. He appealed and filed a pro se brief. Thereafter, this court, sua sponte, appointed Frederick C. Blackledge, Esquire, of Des Moines, Iowa, to represent appellant. Mr. Blackledge has responsibly discharged his duties.

Appellant's sole contention is that because Congress had repealed the statutes on which his conviction rests, and because the repeal became effective on May 1, 1971,[1] after the acts for which he was convicted but before he was indicted therefor, the indictment is null and void and therefore that the conviction must be reversed with directions to dismiss the indictment.

---

[1]. Sec. 1105(a) of the repealing statute, Pub.Law 91–513, 84 Stat. 1295, provides that "this title shall become effective on the first day of the seventh calendar month that begins after the day immediately preceding the date of enactment." Since the title was enacted on October 27, 1970, that date would be May 1, 1971.

## 1390

At common law, the repeal of a statute would abate all incomplete prosecutions thereunder unless the repealer contained a savings clause. *See* United States v. Tynen, 78 U.S. [11 Wall.] 88, 20 L.Ed. 153 (1871). However, Congress has reversed that common law rule with the enactment of a general savings statute, 1 U.S.C. § 109, which provides in pertinent part:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

The plain meaning of this statute is that "penalties accruing while a statute was in force may be prosecuted after its repeal, unless there is an express provision to the contrary in the repealing statute." United States v. Brown, 429 F.2d 566, 568 (5th Cir. 1970).

In an attempt to find in Pub. Law 91–513 an "express provision" for the abatement of prosecutions under the repealed statutes, appellant in both his pro se and appointed counsel briefs turns somewhat incongruously to the specific savings clause of the repealing statute. This clause, § 1103(a), Pub. Law 91–513, 84 Stat. 1294, provides:

"Pending Proceedings.

Sec. 1103(a). Prosecutions for any violation of law occurring prior to the effective date of section 1101 shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof."

In contending this savings clause is somehow an "express provision" taking this repealer out of the general non-abatement rule of 1 U.S.C. § 109, appellant asserts (1) that since there is a general savings clause, this specific savings clause can have no purpose unless it differs from the general clause, and (2) that the specific clause differs from the general in that it applies to allow prosecutions only if the proceedings had commenced, i. e., indictment had issued, prior to the effective date of the repealer. Appellant contends this construction of § 1103(a) is inferred by its caption "Pending Proceedings" and therefore that we should read § 1103(a) as referring only to "Prosecutions . . . occurring prior to the effective date of" the repealer rather than "any violation of law occurring prior" thereto.

We think, however, that the plain language of § 1103(a) refutes appellant's argument. *Accord,* United States v. Caldwell, 463 F.2d 590 (3rd Cir. 1972). *See* United States v. Bradley, 455 F.2d 1181, 1190–1191 (1st Cir.), cert. granted, 407 U.S. 908, 92 S.Ct. 2438, 32 L.Ed. 2d 682 (1972). Accordingly, we affirm.