**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joe Earl MALLOW and Phillip Dean
Johnson, Defendants-Appellants.**

**No. 72–2059.**

United States Court of Appeals,
Fifth Circuit.

Dec. 18, 1972.

James L. Mitchell, Dallas, Tex., for Mallow.

Charles W. Tessmer, Dallas, Tex., Jack Gray, Denton, Tex., Roy Barrera, San Antonio, Tex., for Johnson.

William S. Sessions, U. S. Atty., James W. Kerr, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before MORGAN, CLARK and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellants Mallow and Johnson were tried jointly before a jury and convicted of conspiring to smuggle 180 pounds of marijuana into the United States and of aiding and abetting in the actual importation of the marijuana, all in violation of 21 U.S.C. § 176(a) and 18 U.S.C. § 2. On this direct criminal appeal appellants raise numerous contentions which we have carefully considered and which we reject as having no merit. Only one of these contentions necessitates discussion.[1]

---

1. Appellants also contend that the trial court erroneously admitted evidence of extraneous offenses; that the trial court erroneously denied appellants' request for the criminal records of prospective government witnesses; that the evidence

Appellants were indicted on September 14, 1971, for violating 21 U.S.C. § 176 (a). The criminal acts alleged in the indictment occurred during January of 1971. Prior to that date, on October 27, 1970, Congress passed the Comprehensive Drug Abuse Prevention and Control Act of 1970, Public Law 91–513, 84 Stat. 1236, which repealed 21 U.S.C. § 176(a) and declared that the new law was to become effective on May 1, 1971. The new statute contained a savings clause which provided as follows:

"Prosecutions for any violation of law occurring prior to the effective date of section 1101 shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof." Section 1103(a), Drug Control Act, supra.

Appellants construe the clause to mean that prosecutions begun after May 1, 1971, must be brought under the new statute. Appellants contend that they were erroneously indicted under the repealed statute when they should have been indicted under the new statute because their "prosecutions" did not begin until the indictment was returned in September of 1971. This construction runs contrary to the plain meaning of the language of the savings clause. The clause clearly states that the repealing statute has no effect on prosecutions for "any violation of law occurring prior to the effective date" of May 1, 1971. The determining factor, then, is not when the prosecution began but when the violation of law allegedly occurred. United States v. Rojas-Colombo & Navarro, 5 Cir. 1972, 462 F.2d 1091. Here appellants were charged with crimes committed in January of 1971 and the proper

statute for indictment, indeed the only statute, was 21 U.S.C. § 176(a).

The judgments of conviction are hereby

Affirmed.

was insufficient to sustain the conviction of appellant Johnson; that the prosecutor commented to the jury on appellants' failure to testify; that the trial court erroneously refused to allow appellants' counsel to inform the jury as to the punishment appellants might receive upon conviction; and that the trial court erred by allowing the jury to consider all three counts of the indictment since the substantive allegations of the conspiracy count were identical with the acts which constituted a violation of the other counts.