**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roy M. RAMIREZ, Defendant-Appellant,**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George BALLAN, Defendant-Appellant.**

**Nos. 72–2424, 72–2433.**

United States Court of Appeals, Ninth Circuit.

May 29, 1973.

Rehearings Denied July 9, 1973.

Hufstedler, Circuit Judge, dissented and filed opinion.

Clark A. Miller (argued), Richard A. Hodge, San Francisco, Cal., for defendant-appellant Ballan.

Michael R. Hallinan (argued), and Michael H. Metzger, of Fisher, Krieger & Metzger, San Francisco, Cal., for defendant-appellant Ramirez.

James W. Brannigan, Jr. (argued), Crim. Div., Dept. of Narcotics and Dangerous Drugs, SW Unit, San Diego, Cal., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., William C. Smitherman, U. S. Atty., Phoenix, Ariz., Elizabeth Meyer, Atty., Dept. of Justice, San Diego, Cal., of Counsel, for plaintiff-appellee.

Before DUNIWAY and HUFSTEDLER, Circuit Judges, and ANDERSON,* District Judge.

PER CURIAM:

In a single count indictment returned September 16, 1971, appellants Ballan and Ramirez and sixteen others were charged with conspiracy to import, receive, conceal and transport marijuana in violation of 21 U.S.C. § 176a. Defendants were found guilty by a jury on June 19, 1972, and sentence was pronounced the next morning, June 20, 1972. Ramirez received a sentence of seven years and a fine of $15,000.00. Ballan was sentenced for five years and a fine of $5,000.00. The sentences were imposed under Sec. 176a, which was repealed effective May 1, 1971. Comprehensive Drug Abuse Prevention and Control Act of 1970 (the Act), Pub.L. 91–513, 84 Stat. 1236, 21 U.S.C. Sec. 801 et seq. The acts charged against the appellants extended over a period of time from approximately March to November of 1970.

Appellants' main thrusts on this appeal are four-fold:

*First*: The government cannot initiate a prosecution after the effective date of repeal for alleged criminal acts occurring prior thereto;

---

* Honorable J. Blaine Anderson, United States District Judge, District of Idaho, sitting by designation.

*Second*: Assuming that the first proposition is answered adversely to appellants, they cannot be punished under the repealed provisions, but must be punished under the new and less severe penalty provisions;

*Third*: Sentencing under the harsher penalties of the repealed act amounts to cruel and unusual punishment proscribed by the Eighth Amendment. This point is raised only by Ramirez;

*Fourth*: Ballan, made timely objections to the fruits of the search of the purse of co-defendant Bowers. The first search was for weapons and took place immediately upon her arrest. The incriminating documentary evidence was observed, but not removed. A short time later and during booking procedures, a second search was made and the documentary evidence was seized and introduced at trial against defendant Ballan.

### FIRST ISSUE

■ The first issue was not raised in the recent case of Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973), affirming 455 F.2d 1181 (CA 1st Cir.), since the prosecution there was commenced before May 1, 1971. Nevertheless, this court has squarely ruled on the question and the reasoning is directly applicable to this case. United States v. Cummings, 468 F.2d 274 (9 Cir. 1972) In *Cummings*, as here, the interdicted acts took place before the repeal of the statute and the indictment was returned after the repeal. These prosecutions for violations of the law occurring before were saved by the general saving statute, 1 U.S.C. Sec. 109, and the special saving clauses of the Act, Sections 702 and 1103. *Cummings, supra,* pp. 276–277. It could not have been the intent of Congress to grant amnesty to the unapprehended as of May 1, 1971, while continuing interdiction and punishment for essentially the same conduct for violations occurring after May 1, 1971.

### SECOND ISSUE

■ While it may be argued that if the prosecution had begun after May 1, 1971, punishment should be under the new Act, we do not believe the rationale of *Bradley* supports this notion, but on the contrary, supports the conclusion that the sentences were properly imposed under the provisions of the repealed Act, as saved. As stated in *Bradley* (93 S.Ct. p. 1155), "As we have said, sentencing is part of prosecution. The mandatory minimum sentence of five years must therefore be imposed on offenders who violated the law before May 1, 1971."

### THIRD ISSUE

■ Ramirez alone raises the Eighth Amendment violation because of sentencing under the harsher provisions of the repealed Act. We conclude this is not cruel and unusual punishment. While United States v. Fithian, 452 F.2d 505, 506 (9th Cir. 1971) does not speak in terms of cruel and unusual punishment, it unmistakeably directs that sentencing under the repealed provision "was the only course available." Further, 1 U.S.C. § 109 provides that repeal "shall not have the effect to release or extinguish any penalty . . ." and remains in force to sustain "the enforcement of such penalty". The sentence imposed on Ramirez was well within and below the maximum sentence which could have been imposed. He is in the same class as all persons convicted and sentenced under the repealed provisions. United States v. Rojas-Colombo, 462 F.2d 1091 (5 Cir. 1972), United States v. Ross, 464 F.2d 376 (2 Cir. 1972). Sentences under Sec. 176a were not cruel and unusual punishment prior to repeal. They do not become so by the later promulgation of less severe penalties for similar prohibited conduct.

The district judge was correct in proceeding and sentencing appellants under 21 U.S.C. § 176a repealed effective May 1, 1971.

## FOURTH ISSUE

 This issue raised by appellant Ballan is disposed of by Brown v. United States (1973) 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208. Ballan does not have standing to challenge the legality of the search of his wife's purse.

After careful review we find nothing in appellants' other assignments of error justifying a reversal.

Appellants' bonds are revoked as of now.

Affirmed.

HUFSTEDLER, Circuit Judge (dissenting):

I dissent solely from the disposition of the second issue: Does the penalty provision under the new Act apply to a prosecution under section 176a initiated after the repeal of section 176a? In my view, the majority's negative response is contrary to the teaching of Bradley v. United States (1973) 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528.

Section 1103(a) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 provides in pertinent part: "Prosecutions for any violation of law occurring prior to the effective date of [the Act] shall not be affected by the repeals . . . made by [it] or abated by reason thereof." The keystone of the *Bradley* rationale is its construction of the word "prosecutions" in section 1103(a) as "clearly imports a beginning and an end." The "end," as *Bradley* squarely held, is the conclusion of sentencing. The "beginning" of a prosecution is the return of an indictment. These indictments were returned after section 176a had been repealed. There was no prosecution to be saved by section 1103(a). *Bradley* means that any prosecution initiated before repeal of the statute carries with it the old section 176a penalty. Conversely, any prosecution under section 176a begun after repeal of section 176a for the substantive offense committed before repeal carries with it the milder penalties of the successor statute.

The substantive offense was specifically saved. Prosecutions initiated before repeal were "not . . . affected" or "abated." Prosecutions begun after repeal of section 176a could be neither affected nor abated, because they were nonexistent when the old statute was repealed.

I would vacate the sentence and remand for resentencing under the new statute.