No. 73–262. RAMIREZ ET AL. *v.* UNITED STATES. C. A. 9th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

I would grant and reverse for the reasons set forth by Judge Hufstedler in the Court of Appeals, 480 F. 2d 76.

The majority had affirmed on *Bradley* v. *United States*, 410 U. S. 605. Judge Hufstedler said:

"Section 1103 (a) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 provides in pertinent part: 'Prosecutions for any violation of law occurring prior to the effective date of [the Act] shall not be affected by the repeals . . . made by [it] or abated by reason thereof.' The keystone of the *Bradley* rationale is its construction of the word 'prosecutions' in section 1103 (a) as 'clearly import[ing] a beginning and an end.' The 'end,' as *Bradley* squarely held, is the conclusion of sentencing. The 'beginning' of a prosecution is the return of an indictment. These indictments were returned after section 176a had been repealed. There was no prosecution to be saved by section 1103 (a). *Bradley* means that any prosecution initiated before repeal of the statute carries with it the old section 176a penalty. Conversely, any prosecution under section 176a begun after repeal of section 176a for the substantive offense committed before repeal carries with it the milder penalties of the successor statute.

"The substantive offense was specifically saved. Prosecutions initiated before repeal were 'not . . . affected' ar 'abated.' Prosecutions begun after repeal of section 176a could be neither affected nor abated, because they were nonexistent when the old statute was repealed." 480 F. 2d, at 79.

That is my view.