David JACKSON, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 74–1091.

United States Court of Appeals, Eighth Circuit.

Submitted April 19, 1974.

Decided April 23, 1974.

David Jackson, Jr., pro se.

Allen L. Donielson, U. S. Atty., and Keith E. Uhl, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before MATTHES, Senior Circuit Judge, ROSS, Circuit Judge, and VAN PELT,* Senior District Judges.

PER CURIAM.

On November 17, 1971, following a three-day trial, David Jackson, Jr., was found guilty by a jury of three violations of 26 U.S.C. §§ 4704(a), and 4705(a) and 21 U.S.C. § 174, relating to the receipt, sale and distribution of heroin. Sentence was imposed under the provisions of 26 U.S.C. § 7237(d)(1) and (2). The judgment of conviction was affirmed by this Court in United States v. Jackson, 468 F.2d 1388 (8th Cir. 1972), cert. denied 93 S.Ct. 1391, 35 L.Ed.2d 599, 410 U.S. 935 (1973). Jackson thereafter brought a motion to vacate his sentence under 28 U.S.C. § 2255 in the district court alleging that: (1) he was tried and convicted under a repealed statute; (2) the government agent failed to search the informer and keep him in sight at all times in order to witness the heroin exchanges; (3) the district court failed to conduct an exclusionary hearing on the voluntariness of some inculpatory statements made by Jackson to a government agent; (4) a polygraph examination was improperly held inadmissible at trial; (5) the transcript of the trial had been altered; and (6) a statement by an informant should have been made available to Jackson prior to trial through an omnibus hearing. The district court entertained the motion without the production of the incarcerated Jackson. *Cf.* 28 U.S.C. § 2255. After various motions, appearances by counsel, and a review of the files and record, the district court denied Jackson's motion to vacate his sentence. Jackson appeals to this Court on all grounds alleged in his original petition. In addition, he argues that the systematic exclusion of blacks from

---

* The Honorable Robert Van Pelt, Senior District Judge, District of Nebraska, sitting by designation.

the grand jury that indicted him deprived him of his rights to due process and equal protection and that he should have been allowed to testify in the § 2255 proceedings. We affirm the decision of the district court.

The Supreme Court has recognized four grounds properly within the scope of a motion under 28 U.S.C. § 2255:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence," (3) "that the sentence was in excess of the maximum authorized by law," and (4) that the sentence is "otherwise subject to collateral attack."

Hill v. United States, 368 U.S. 424, 426–427, 82 S.Ct. 468, 470, 7 L.Ed.2d 417 (1962). The writ is not designed for collateral review of errors of law committed by the trial court such as questions relating to the sufficiency of the evidence to support the conviction, irregularities in the grand jury procedure, or other errors in trial procedure which do not cross the jurisdictional line. Sunal v. Large, 332 U.S. 174, 179, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). Some of Jackson's claims clearly come within that rule. However, constitutional defects in the process are cognizable under a § 2255 motion. Kaufman v. United States, 394 U.S. 217, 222, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). Accordingly, this Court has held that it is only where a sentence is void or otherwise subject to collateral attack that § 2255 affords a remedy, and a motion under that section cannot function as a substitute for an appeal. Cardarella v. United States, 351 F.2d 443, 447 (8th Cir. 1965), cert. denied, 382 U.S. 1020, 86 S.Ct. 640, 15 L.Ed.2d 534 (1966). With these considerations in mind, we consider Jackson's claims briefly.

In 1971, 26 U.S.C. §§ 4704 and 4705, and 21 U.S.C. § 174 were repealed by the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq. The effective date of the latter Act was May 1, 1971. Act of October 27, 1970, § 1105(a), Pub.L.No.91–513, 84 Stat. 1295. Jackson was charged under statutes repealed by that Act. The acts giving rise to the charge occurred prior to May 1, 1971. However, the indictment was not returned until after May 1, 1971. Jackson argues that because Congress had repealed the statute upon which his conviction rested before the return of the indictment, the indictment is null and void.

This argument has already been determined adversely to Jackson on direct appeal from his conviction. United States v. Jackson, 468 F.2d 1388 (8th Cir. 1972), cert. denied, 410 U.S. 935, 93 S.Ct. 1391, 35 L.Ed.2d 599 (1973). Ordinarily a matter that has been decided adversely to a defendant on appeal cannot be litigated in a § 2255 motion. Butler v. United States, 340 F.2d 63 (8th Cir.), cert. denied, 382 U.S. 847, 86 S.Ct. 92, 15 L.Ed.2d 87 (1965). However, Jackson argues that Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973), which has since been decided by the Supreme Court, must modify our earlier disposition of his claim.

As Jackson recognized, the precise claim he urges here was not raised in *Bradley*. Rather that case considered the effect of the savings clause contained in the Comprehensive Drug Abuse Prevention and Control Act of 1970 on the ability to sentence under the repealed statute's directive when the sentencing postdated the new Act's effective date. The savings clause provided:

> Prosecutions for any violation of law occurring prior to the effective date of [the Act] shall not be affected by the repeals or amendments made by [it] . . . or abated by reason thereof.

The Court held that that clause preserved the right to sentence under the former statute since sentencing is a part of the legal concept of "prosecution" and

was thereby not affected or abated by the repeal. Jackson argues that the keystone of the *Bradley* rationale is that "prosecutions" imports a definite beginning and terminus; that a prosecution does not commence until an indictment is returned; that only "prosecutions" were not affected; and thus that the savings clause did not operate to preserve uncommenced prosecutions and the government was without jurisdiction to prosecute him.

However, the Supreme Court's construction of the term "prosecution" in *Bradley* does not affect the power of the government to charge and try a defendant for the substantive offense, for the plain language of the savings clause preserves the substantive offense. The clause clearly states that the repealing statute has no effect on prosecutions for "any violation of law occurring prior to the effective date" of May 1, 1971. The determining factor, then, is *not when the prosecution began*, but when the violation of the law allegedly occurred. *See* United States v. Mallow, 470 F.2d 967, 968 (5th Cir. 1972); United States v. DeSimone, 468 F.2d 1196, 1200 (2d Cir. 1972), cert. denied, 410 U.S. 989, 91 S.Ct. 1499, 36 L.Ed.2d 188 (1973). In addition, our previous disposition of the claim reasoned that the general statutory savings clause, 1 U.S.C. § 109,[1] operated to save the repealed statute from such abatement as would otherwise obtain at common law, since § 1103(a) was not an express provision contrary to the provisions of 1 U.S.C. § 109. *See* United States v. Ramirez, 480 F.2d 76, 78 (9th Cir.), cert. denied, 414 U.S. 1012, 94 S. Ct. 379, 38 L.Ed.2d 251 (1973). In United States v. Ramirez, *supra*, certiorari was denied despite a dissenting opinion that "prosecution" as used in the savings clause imported a beginning and an end. The end, as *Bradley* held, was the con-

clusion of sentencing. The beginning, the dissenter felt, was the return of the indictment. Thus, where a prosecution was commenced after the repeal of the former statute, the dissent reasoned that sentencing must be under the terms of the replacing statute. However, even the dissent recognized that the substantive offense was preserved. *Id.* 94 S.Ct. at 379.

■■ Two additional claims warrant our attention. First, Jackson's claim that the grand jury selection procedure deprived him of his constitutional rights was not addressed by the district court. However, our Court has previously upheld the jury selection plan for the Southern District of Iowa from constitutional attack on the basis of racial discrimination. United States v. Whitley, 491 F.2d 1248 (8th Cir. 1974). Second, Jackson was not entitled to be present at the § 2255 proceedings. 28 U.S.C. § 2255 specifically provides:

> A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

Accordingly, the Supreme Court has noted:

> The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner.

Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962). Here there were no "substantial issues of fact as to events in which the prisoner participated." *See* United States v. Hayman, 342 U.S. 205, 223, 72 S.Ct. 263, 274, 96 L.Ed. 232 (1952).

---

1. 1 U.S.C. § 109 provides in pertinent part: The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

We have examined the other contentions of Jackson and affirm on the basis of the district court's opinion. For the reasons hereinbefore expressed, the denial of the motion to vacate Jackson's sentence is affirmed.