UNITED STATES of America,
Plaintiff-Appellee,

v.

James William EPPERSON,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Gary Harold MORRIS,
Defendant-Appellant.

Nos. 75–2805, 75–2806.

United States Court of Appeals,
Ninth Circuit.

Dec. 9, 1975.

W. Stuart Home, Staniford, Harris, Loomis & Home, Fresno, Cal., for defendant-appellant in 75–2805.

Anthony Capozzi, Asst. U. S. Atty., Fresno, Cal., for plaintiff-appellee.

Robert L. Jones, Jr., Fresno, Cal., for defendant-appellant in 75–2806.

## OPINION

Before BARNES, HUFSTEDLER and WRIGHT, Circuit Judges.

BARNES, Senior Circuit Judge:

Appellants James William Epperson and Gary Harold Morris were each found guilty in a jury trial of violating 18 U.S.C. § 2113(a) and (d). Both defendants were sentenced to twenty years imprisonment on each count, to run concurrently.

On May 2, 1975, a robbery occurred at the Espeeco Federal Credit Union in Bakersfield, California. On May 3, 1975, upon receipt of information that a certain Michael Johnson had paid his rent with a bait bill taken from the Credit Union he was arrested. On that same date, Bakersfield City Police Officers, without having obtained a search warrant, but having opportunity to do so, arrived at Johnson's apartment and asked his roommate, Faye Marler, whether they could search the premises. A consent search form was read and presented to Marler, which she signed. Upon searching the apartment, the officers found a radio, hat, a pillowcase containing certain articles, and a suitcase in a room which had been occupied by appellants with Johnson's permission while Marler had been absent from the premises, and in a hospital. She had no knowledge that appellants had stayed at her apartment. At trial, the articles so found were introduced into evidence over appellants' objection that the items seized were the product of an illegal search and seizure violative of the fourth amendment. On appeal, appellants contend that the trial judge erred in denying the motion to suppress (*see* RT–70).

In determining this issue, we must first consider whether appellants have standing to contest the search and seizure here in question. We view the Supreme Court's decision in *Brown v. United States*, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973), as establishing the applicable guidelines:

> "[T]here is no standing to contest a search and seizure where, as here, the defendants: (a) were not on the premises at the time of the contested search and seizure; (b) alleged no proprietary or possessory interest in the premises; and (c) were not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure." 411 U.S. at 229, 93 S.Ct. at 1569; *see generally Simmons v. United States*, 390 U.S. 377, 389–90, 88 S.Ct. 967, 19

L.Ed.2d 1247 (1968); *Jones v. United States*, 362 U.S. 257, 262–64, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

More recently, the Supreme Court has again expressed its approval of *Brown*. See *United States v. Kahan*, 415 U.S. 239, 242, 94 S.Ct. 1179, 39 L.Ed.2d 297 (1974); *United States v. Calandra*, 414 U.S. 338, 348, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). This Court as well has had occasion to apply the *Brown* standards. *E. g., United States v. Boston*, 510 F.2d 35, 37–38 (9th Cir. 1974), *cert. denied*, 421 U.S. 990, 95 S.Ct. 1994, 44 L.Ed.2d 480 (1975); *United States v. Colacurcio*, 499 F.2d 1401, 1406 (9th Cir. 1974); *United States v. Ramirez*, 480 F.2d 76, 79 (9th Cir. 1973).

Applying the *Brown* guidelines to the facts before us, we first note that appellants were not in the apartment at the time that the search and seizure occurred. Secondly, the government's case charged against appellants does not fit into category (c) above. In other words, "[t]he vice of allowing the Government to allege possession as part of the crime charged, and yet deny that there was possession sufficient for standing purposes, is not present." *Brown v. United States*, 411 U.S. at 229, 93 S.Ct. at 1569. Finally, appellants here could have asserted, during their motion to suppress either a proprietary interest in the premises searched, or a possessory interest in the articles seized, or both. Under the *Simmons* doctrine, if the appellants had testified "in support of [the] motion to suppress on Fourth Amendment grounds, [their] testimony [could] not there-after be admitted against [them] at trial on the [question] of guilt unless [they made] no objection." *Simmons v. United States*, 390 U.S. 377, 394, 88 S.Ct. 967, 976, 19 L.Ed.2d 1247 (1968). Appellants, however, "were afforded a full hearing on standing and failed to allege any legitimate interest of any kind in the premises searched or the merchandise seized." 411 U.S. at 229, 93 S.Ct. at 1569. Thus, appellants failed to satisfy the standards established in *Brown, supra,* and there-

fore do not have standing to contest the search and seizure here in issue.

Appellants next contend that the admission into evidence of the testimony of Officer Shaw of the Federal Bureau of Investigation regarding a previous robbery of the same Espeeco Federal Credit Union, and the taking of judicial notice that an individual named Harold Clayborn pleaded guilty to this previous offense, constituted prejudicial error.

It appears from the record that the purpose for which Officer Shaw's testimony was elicited was to corroborate the testimony of Michael Johnson. Johnson, testifying for the government, stated on direct examination that appellant Epperson had said that his friend Harold had robbed this same credit union approximately two years ago (RT–28). The Court specifically admitted this evidence for the sole and limited purpose of corroborating Johnson's testimony (RT–263).

■ In determining whether the District Judge properly admitted the above testimony, we note that "[i]t is an axiom of the law of evidence that information will be excluded when its probative effect is outweighed by its prejudice to the opposing party." *United States v. Patterson,* 161 U.S.App.D.C. 281, 495 F.2d 107, 112 (1974); *Accord, United States v. Barnard,* 490 F.2d 907, 913 (9th Cir. 1973). Applying the above principle to the facts of this case, we hold that the District Judge ruled correctly in admitting this testimony. Our examination of the record (*see* RT–258–67) reveals that the District Judge carefully weighed the probative effect of this testimony against the potential prejudice to the appellants. He decided that the best course of action was to admit Officer Shaw's testimony, with the condition that he testify solely to the fact that the credit union had been robbed approximately two years ago. The District Court also decided to take judicial notice of its records that a Harold Clayborn had pleaded guilty to the above robbery. We agree with the District Judge's rul-

ing. The potential prejudice to the appellants was slight. The probative effect of having Michael Johnson's testimony corroborated outweighed any slight prejudice to appellants.

■ Appellant Epperson also argues that the trial judge committed prejudicial error in admitting evidence of the circumstances of his arrest. Detective Irmidene Carson and Officer Frank Godwin, both of the Bakersfield Police Department, testified as to these circumstances. The relevant facts here are that Epperson was staying at the Black Angus Motel in Bakersfield on May 5, 1975 (two days after the robbery); that he had registered at the motel under the assumed name of James Woolford; and that he was arrested while he was standing in the corner of the motel's patio approximately fifty to one hundred yards away from his motel room.

In determining whether the District Judge properly admitted the above testimony, we refer to this Court's decision in *Shorter v. United States,* 412 F.2d 428, 430 (9th Cir. 1969):

"The evidence of flight after a crime has been committed, whether from the scene or at a later time, is admissible since such evidence may tend to prove the defendant's consciousness of guilt. The probative value, if any, of the evidence of flight will depend upon all the facts and circumstances in evidence in the case and is a question of fact for the jury." *See United States v. Getchel,* 467 F.2d 1378, 1379 (9th Cir. 1972); *Rossetti v. United States,* 315 F.2d 86, 87 (9th Cir. 1963).

The circumstances surrounding Epperson's arrest were properly ruled admissible by the trial judge. Epperson's registering at the motel under an assumed name only two days after the robbery occurred and his arrest fifty to one hundred yards away from his motel room in a corner of the patio are circumstances from which one may infer "flight." As we stated in *United States v. Getchel,* "[a]ttempted flight [is] . . . a fac-

tor to which the jury was entitled to give consideration." 467 F.2d at 1379.

■ Finally, appellants Epperson and Morris contend that the evidence was insufficient to sustain their convictions. In considering appellants' claim, we are required to view the evidence produced in the light most favorable to the prosecution. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). "The Government is entitled to all reasonable inferences which may be drawn from it." *D'Argento v. United States,* 353 F.2d 327, 333 (9th Cir. 1965).

We find that there was more than substantial evidence to support the jury's verdict. Michael Johnson's testimony indicated that appellants had committed the robbery. In addition, three credit union employees identified appellant Morris and one identified appellant Epperson as being the offenders. Appraisal of the inconsistencies between appellants' defense and the above testimony was for the jury. *United States v. Getchel, supra.* The jury found appellants guilty of violating 18 U.S.C. § 2113(a) and (d). The verdict was supported by substantial evidence.

Accordingly, the judgment of the District Court is

*Affirmed.*