Clovis Carl GREEN, Jr., Petitioner,

v.

UNITED STATES of America, Respondent.

. No. 79–4005–CV–C.

United States District Court, W. D. Missouri, C. D.

Jan. 22, 1979.

Clovis Carl Green, Jr., pro se.

No appearance for respondent.

## MEMORANDUM AND ORDER

RUSSELL G. CLARK, District Judge.

On January 9, 1979, petitioner, an inmate of the Missouri State Penitentiary, filed this action under 28 U.S.C. § 2255 to vacate a sentence imposed by this Court after petitioner was convicted of contempt in a bench trial. *In the Matter of the Alleged Contumacious Conduct of Clovis Carl Green, Jr.,* No. 78–04007–01–CR–C (W.D.Mo.), *aff'd,* 586 F.2d 1247, No. 78–1442 (8th Cir. 1978). This action was assigned to the Honorable Elmo B. Hunter, who presides over the Central Division of this Court. On January 12, 1979, Judge Hunter transferred this case to this Court, which imposed sentence on petitioner. *See* Local Rule 22, Western District of Missouri. The action now pends for a determination of whether further proceedings are warranted. Rule 4(b), *Rules Governing Section 2255 Proceedings for the United States District Courts.*

To understand the allegations in this action, it is necessary to recount a small part of petitioner's myriad experiences with this Court. On November 10, 1976, after a full evidentiary hearing, the Court entered an order enjoining petitioner from acting as a "jailhouse lawyer" for other inmates at the Missouri State Penitentiary. *Green v. Wyrick,* 428 F.Supp. 732, 743–44 (W.D.Mo.1976). A subsequent motion by petitioner to dissolve the injunction was denied by Judge Hunter in an unreported opinion. *Green v. Wyrick,* No. 76 CV 147–C (W.D.Mo.1978).

*In the Matter of the Alleged Contumacious Conduct of Clovis Carl Green, Jr.,* No. 78–1442, slip op. at 6–7 (8th Cir., November 8, 1978), summarizes the circumstances leading to the instant contempt action:

It does not appear that [Green] violated the injunction during 1977. However, in early 1978 he began to submit documents to the clerk of the district court on behalf of himself and other inmates, and on April 11, 1978 Judge Hunter, proceeding under Fed.R.Crim.P. 42(b), issued an order calling on Green to show cause why he should not be found guilty of criminal contempt on account of his alleged willful disobedience of the 1976 injunction. The order was made returnable on May 23, 1978 and contained eight specifications of contempt each set out in a separately numbered paragraph of the order. The order was duly served upon [Green] by the Marshal.

The order appointed Mr. Charles Sapp of the Columbia, Missouri, Bar, to represent [Green]. The Attorney General of Missouri or an Assistant Attorney General to be designated by him was directed to conduct the prosecution in place of the United States Attorney.

Although Mr. Sapp is a competent attorney, [Green] preferred in general to conduct his own defense and did so, although Mr. Sapp was available to [Green] throughout the hearing that will be mentioned, and it seems that [Green] made some use of his services.

[Green] moved to disqualify Judge Hunter and also filed a pro se response to the show cause order. With the consent of Judge Clark the case was transferred to him on May 9, 1978, and he conducted further proceedings, including an evidentiary hearing that was held on May 23. Following that hearing Judge Clark filed a detailed but unpublished opinion dealing with the issues before him.

The trial judge rejected [Green's] contention that he had been prevented from making an effective defense by misconduct on the part of prison personnel, including threats of reprisals and violence. However, Judge Clark found [Green] not guilty on the specifications contained in the first five paragraphs of the show cause order. He did, as stated, convict [Green] with respect to the items identified in Paragraphs VI, VII, and VIII. [Footnote omitted.] The Court imposed concurrent five month sentences to commence upon completion of petitioner's present sentence or sentences.

In this petition, Green makes no claim concerning any of the proceedings that occurred during the May 1978 evidentiary hearing, the sufficiency of the evidence, or the Court's determinations concerning guilt. Instead, he asserts that the original injunction issued by Judge Hunter and the show cause order giving rise to this action were promulgated by Judge Hunter and Donald Wyrick, Warden of the Penitentiary, as a part of a conspiracy to "punish Petitioner for his religious beliefs and for filing court suits, in violation of the First Amendment . . . ."

Petitioner makes the following allegations in support of his claim. He asserts that Judge Hunter "was lying" in the original opinion issuing the injunction when he said that all past lawsuits filed by petitioner were "frivolous [sic]."[1] Petitioner asserts that Judge Hunter witnessed perjured testimony by two witnesses, Raymond Cole, a prisoner, and Warden Wyrick, at the original injunction hearing. Petitioner also asserts that "Judge . . . Hunter has a past history of discriminating against inmates and violating their constitutional right of access to the courts" by refusing to issue show cause orders and convene evidentiary hearings with sufficient promptness. Petitioner further alleges that Judge Hunter issued the show cause order in the contempt proceeding "to intimidate the Petitioner to stop assisting inmates file court suits [sic]" because he knew that "petitioner has been very successful in getting relief in court for state inmates" and that "there are no other inmates who know as much law on prison conditions and treatment as Petitioner." Petitioner also asserts that he was told by Warden Wyrick that he was a victim of a conspiracy.

The nature of petitioner's attack on his conviction compels the Court to address a significant threshold issue: may a person convicted of criminal contempt challenge the legal sufficiency of an order or injunction that gave rise to the criminal charges for which he was convicted in a postconviction attack on his contempt conviction?

*Walker v. City of Birmingham,* 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967), is the most recent statement of the general rule to be applied to this question. In *Walker,* an Alabama court issued a temporary injunction prohibiting a number of civil rights demonstrators from encouraging or

---

1. All quotations in this paragraph are from various sections of the petition filed by Green in this § 2255 action.

participating in street demonstrations without first obtaining a parade permit required by a city ordinance. The demonstrators, who objected to the injunction as unconstitutionally overbroad, held two parades after entry of the injunction. The demonstrators were charged with contempt, and, at a hearing on the charge, sought to attack the injunction on the grounds that it was vague, overbroad, and a restraint on free speech. The state courts refused to consider these arguments, and noted that the demonstrators had neither challenged the injunction through a motion to vacate nor applied for a parade permit. The state trial court held that the only issues before it were whether it had jurisdiction to issue the injunction and whether the demonstrators had knowingly violated its provisions. The Alabama Supreme Court affirmed the trial court's order of conviction. *Id.* at 309–12, 87 S.Ct. 1824.

The demonstrators then sought relief in the United States Supreme Court, asserting that the rule prohibiting them from collaterally attacking the original injunction in the contempt proceeding was unconstitutional. The Court rejected this claim, quoting *Howat v. State of Kansas,* 258 U.S. 181, 189–90, 42 S.Ct. 277, 66 L.Ed. 550 (1922):

" 'An injunction duly issuing out of a court of general jurisdiction with equity powers upon pleadings properly invoking its action, and served upon persons made parties therein and within the jurisdiction, must be obeyed by them however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming but void law going to the merits of the case. It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished.' "

*Walker v. City of Birmingham, supra,* 388 U.S. at 314, 87 S.Ct. at 1828.

The upshot of *Walker* and *Howat* is clear: the validity of an injunction may be tested only in a duly established proceeding for review of the injunction, and not in a collateral attack in a contempt proceeding or in an attack upon a contempt conviction. *Walker v. City of Birmingham, supra,* at 315 & 315 n. 6, 87 S.Ct. 1824. *See also Craig v. Hecht,* 263 U.S. 255, 44 S.Ct. 103, 68 L.Ed. 477 (1923), *aff'g Ex parte Craig,* 282 F. 138 (2d Cir. 1922); *United States v. Moore,* 294 F. 852 (2d Cir. 1923). Collateral attacks on a contempt conviction based upon an injunction are limited to a review of the issuing court's jurisdiction to issue the injunction.[2] *Walker v. City of Birmingham, supra,* 388 U.S. at 315 n. 6, 87 S.Ct. 1824; *In re Green,* 369 U.S. 689, 82 S.Ct. 1114, 8 L.Ed.2d 198 (1962).

Petitioner's allegations, which relate solely to alleged factual errors and improprieties in the original injunction, may only be litigated in an appeal from the original order entering the injunction or in a motion for relief therefrom. *See Fed.R.Civ.P.* 60; *United States v. Swift & Co.,* 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1931); *Humble Oil & Refining Co. v. American Oil Co.,* 405 F.2d 803 (8th Cir. 1969). The Court notes, however, that petitioner's original appeal from the order entering the injunction was dismissed for failure to comply with the applicable rules of the appellate court. The Court also notes that petitioner's motion for relief from the injunction under Rule 60—a motion that raised grounds substantially identical with many alleged in this action—was filed out of time and denied in a thorough order by Judge Hunter of this Court. *See Green v. Wyrick,* No. 76 CV 147–C (W.D.Mo.1978). Petitioner's attempt to challenge the injunction has failed, and it therefore stands as a valid order. *In the Matter of the Alleged Contumacious Conduct of Clovis Carl Green, Jr.,* No. 78–1442, slip op. at 7–8 (8th Cir., 1978).

Further, an attempt to challenge the jurisdiction of the issuing court would be

---

**2.** Procedural errors occurring during the contempt proceeding may also be reviewed collaterally. This rule is of no assistance to petitioner in the instant action, however, because he makes no claims concerning the proceedings during his contempt trial.

unavailing. In ruling upon petitioner's appeal from his contempt conviction, the Court of Appeals stated:

In passing upon Warden Wyrick's application for an injunction the district court had jurisdiction of the cause and of the parties thereto; [Green] had his full day in court.

*In the Matter of the Alleged Contumacious Conduct of Clovis Carl Green, Jr., supra,* slip op. at 7–8. Because the Court of Appeals ruled that this Court had jurisdiction to issue the original injunction, petitioner may not relitigate that issue in a § 2255 proceeding. *United States v. Sappington,* 527 F.2d 508 (8th Cir. 1975); *Whitney v. United States,* 513 F.2d 326 (8th Cir. 1974); *Jackson v. United States,* 495 F.2d 349 (8th Cir. 1974); *Peterson v. United States,* 493 F.2d 478 (8th Cir. 1974); *Sykes v. United States,* 341 F.2d 104 (8th Cir. 1965).

Because it plainly appears from the face of the motion in this case and the prior proceedings in this Court and the Court of Appeals relating to this case that plaintiff is not entitled to relief under existing law, this action may be summarily dismissed. Rule 4(b), *Rules Governing Section 2255 Proceedings for the United States District Courts.*

For the reasons stated above, it is

ORDERED that this action should be and it is hereby dismissed.