5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Regulo MIRANDA-ENCINAS, a.k.a. Roberto Arrizon-Pena,
Defendant-Appellant.
 No. 92-10567.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 25, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CR-92-00067-JMR, John M. Roll, District Judge, Presiding
 D.Ariz.
 AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Regulo Miranda-Encinas appeals his convictions, following a jury trial, for conspiracy to import, importation of, conspiracy to possess with intent to distribute, and possession with intent to distribute marijuana in violation of 21 U.S.C. Secs. 841(a)(1), 846, 952(a), 963. Miranda-Encinas contends (1) the evidence was insufficient to support his convictions and (2) he was denied a fair trial because the government elicited improper testimony during cross-examination of an alibi witness. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Sufficiency of the Evidence
 
 
 4
 "In determining whether the evidence was sufficient to support ... [Miranda-Encinas's] convictions, we must determine whether, after viewing all of the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime(s) beyond a reasonable doubt." See United States v. Vasquez-Chan, 978 F.2d 546, 549 (9th Cir.1992).
 
 
 5
 A conspiracy consists of an agreement to accomplish an illegal objective, one or more acts in furtherance of the illegal objective, and the requisite intent to commit the underlying offense. United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987). A conspiracy may be proven by circumstantial evidence that defendants acted together for a common illegal goal. Id. "While mere proximity to the scene of illegal activity is not sufficient to establish involvement in a conspiracy, a defendant's presence may support such an inference when viewed in context with other evidence." Penagos, 823 F.2d at 348. Convictions for importation and possession with the intent to distribute marijuana can be based upon a theory of co-conspirator liability. United States v. Sanchez-Mata, 925 F.2d 1166, 1168 (9th Cir.1991).
 
 
 6
 Here, at approximately 9:15 p.m. two Border Patrol agents stationed in a remote area of Arizona near the international border observed a pick-up truck travelling north. The agents decided to pursue the truck and found it abandoned in the middle of the road. They found approximately 450 pounds of marijuana bundles in the truck, including several bundles in the cab.
 
 
 7
 The agents apprehended co-conspirator Eugene Benjamin Velasquez, who was lying prone near another bundle of marijuana, east of the road. The agents then conducted a sweep of the area. They found Miranda-Encinas laying down with the truck's keys and ignition-locking cylinder next to him and a small amount of marijuana on his person.
 
 
 8
 The agents continued their investigation by following the truck's tire tracks to the Grub State Mine Road area, which is close to the international border. They found numerous sets of footprints, two sets of which they identified as belonging to Miranda-Encinas and Velasquez, as well as cellophane and masking tape, materials which are commonly used to bundle marijuana. Based upon their investigation, the agents concluded that the marijuana found in the truck had been carried to the Grub State Mine Road area from Mexico and then loaded onto the truck.
 
 
 9
 Miranda-Encinas contends the evidence was insufficient to support his convictions, pointing our attention to the testimony of alibi witnesses, including Velasquez, that he was not involved in the conspiracy and the lack of evidence, other than one of the agents' testimony, that footprints observed in the Grub State Mine Road area were made by Miranda-Encinas. "Credibility determinations, however, are matters left to the trier of fact." United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988), cert. denied, 488 U.S. 1034, 489 U.S. 1029 (1989). The government presented clear evidence of the existence of a conspiracy. See United States v. Mayes, 524 F.2d 803, 807 (9th Cir.1975); see also United States v. Jose Luis L., 978 F.2d 543, 545 (9th Cir.1992). The evidence of Miranda-Encinas's involvement in this conspiracy consisted of: (1) his proximity to the scene of illegal activity; (2) his attempted flight from Border Patrol agents; and (3) his possession of the truck's keys and ignition-locking cylinder and a small amount of marijuana. Although Miranda-Encinas's mere presence is insufficient to establish his involvement in the conspiracy, see Penagos, 823 F.2d at 348, his presence does support such an inference when considered in context with the marijuana found on his person and his attempted flight from Border Patrol agents. See United States v. Chambers, 918 F.2d 1455, 1458 (9th Cir.1990) (attempted flight); Mayes, 524 F.2d at 805 (9th Cir.1975) (possession). Therefore, we conclude that the evidence was sufficient to support Miranda-Encinas's convictions. See Mayes, 524 F.2d at 807; United States v. Getchel, 467 F.2d 1378, 1378 (9th Cir.1972) (per curiam) (sufficient evidence of importation of marijuana where defendant was observed driving pick-up truck which contained marijuana, he attempted to flee customs officials, and marijuana debris and the truck's keys were found on his person).
 
 II
 Cross-Examination
 
 10
 We review allegations of prosecutorial misconduct to determine whether the conduct " 'materially affected the fairness of the trial.' " United States v. Solomon, 825 F.2d 1292, 1300 (9th Cir.1987), cert. denied, 484 U.S. 1046 (1988) (quoting United States v. Polizzi, 801 F.2d 1443, 1558 (9th Cir.1986), quoting United States v. McKoy, 771 F.2d 1207, 1212 (9th Cir.1985)). An improper prosecutorial question or remark may be harmless error where the trial court sustains an objection to it and advises the jury to disregard it. See Greer v. Miller, 483 U.S. 756, 764 (1987) (improper question regarding defendant's post-arrest silence).
 
 
 11
 Here, the prosecutor asked one of Miranda-Encinas's alibi witnesses whether she had testified in another drug-related case:
 
 
 12
 Prosecutor: [T]his is not the first time that you have testified in a criminal case, is it?
 
 
 13
 Witness: No, it is not.
 
 
 14
 Prosecutor: In fact, you have testified in a federal narcotics case before, have you not?
 
 
 15
 Defense Counsel: Objection, your Honor, irrelevant.
 
 
 16
 The district court sustained the objection and instructed the jury to disregard the question.
 
 
 17
 Miranda-Encinas contends that the government's question improperly influenced the jury by suggesting that the alibi witness and others lacked credibility. Even assuming the question was improper, we conclude that it did not influence the jury.
 
 
 18
 The district court sustained Miranda-Encinas's objection to the question and instructed the jury to disregard the question. Accordingly, we hold that any error in the government's elicitation of testimony from the alibi witness did not materially affect the verdict. See Greer, 483 U.S. at 764.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3