**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Earl Nelvie BROWN, Defendant-
Appellant.**

**No. 29166
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
July 24, 1970.

Gerald P. Aurillo, New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Richard M. Olsen, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

■ This is an appeal from a judgment of conviction on a one count indictment charging appellant with violating the Federal Firearms Act of 1947.[1] The indictment charged appellant with violating 15 U.S.C.A. § 902(e), which makes it a crime for a person who had been convicted previously of a crime punishable by imprisonment of one year or more to transport or cause to be transported in interstate or foreign commerce any firearm or ammunition.

The appellant was found guilty after a jury trial on June 10, 1969. Between the commission of the offense and conviction, 15 U.S.C.A. § 902(e) was repealed by 18 U.S.C.A. § 922(g) (Gun Control Act of 1968) (Public Law 90–618, 82 Stat. 1220), which became effective on December 16, 1968. The latter statute is essentially the same as the old section, except that the new section no longer includes the language "cause to be shipped or transported" in interstate or foreign commerce. The issue is whether a conviction based on the old statute can be validly rendered after repeal of that statute. We answer in the affirmative.

Appellant argues that the indictment was returned on December 30, 1968, fourteen days after repeal of the old statute on which the indictment was based,[2] and that therefore the indict-

---

1. We dispose of this case on the briefs and record, without oral argument, as provided by our Local Rule 18.

2. The new statute was to take effect on December 16, 1968, 180 days after passage (June 19, 1968). See § 906 of the original Act, Public Law 90–351, 82 Stat. 234 (1968).

ment and subsequent conviction are invalid. The government argues that the December 30 indictment merely superseded two previous indictments, dated November 19, 1968, and September 24, 1968, and thus the effective date of the indictment was September 24, 1968, and within the effective period of 15 U.S.C.A. § 902(e). We find it unnecessary to decide the question of the effective date of the indictment, since the general savings clause found in 1 U.S.C.A. § 109, coupled with judicial construction of that section, disposes of the issue in this case.

The general savings clause provides in part:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. * * * "

 Under this section, penalties accruing while a statute was in force may be prosecuted after its repeal, unless there is an express provision to the contrary in the repealing statute. In United States v. Reisinger, 128 U.S. 398, 9 S.Ct. 99, 32 L.Ed. 480 (1888), the Supreme Court held that the savings clause should be read in conjunction with the repealing statute. See Great Northern Ry. Co. v. United States, 208 U.S. 452, 28 S.Ct. 313, 52 L.Ed. 567 (1908). In Bowen v. United States, 171 F.2d 533, 534 (5 Cir., 1948), this court said:

" * * * We have considered and discussed the applicability of the general savings clause * * * in the case of United States v. Carter et al., 5 Cir., 171 F.2d 530, as same related to suits by the United States for injunction and restitution that had been terminated prior to the trial, and we see no occasion for a rediscussion of the views there set out. We are aware of no reason, rule, or decision that requires a different conclusion as to criminal prosecution under the authority of Sec. 109 for acts occurring prior to the repeal of the former statute where neither the former statute nor the repealing statute contain no express provision to the contrary. * * * * "

The repealing statute, Public Law 90–351, § 906, contains no such provision. The indictment alleged that appellant acted illegally between May 24 and July 7, 1968. 15 U.S.C.A. § 902(e), the old statute, was not repealed until December 16, 1968. Therefore, the savings clause allows prosecution under the old statute, and the date on which the indictment was returned is not relevant to this inquiry.

The judgment of the district court is affirmed.