**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Sabas RUACHO–ACUNA, Defendant-**
**Appellant.**

**No. 29985.**

United States Court of Appeals,
Fifth Circuit.

April 5, 1971.

Joseph J. Rey, Sr., El Paso, Tex., for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., Haskell Shelton, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before GOLDBERG and DYER, Circuit Judges, and GROOMS, District Judge.

PER CURIAM:

A jury found appellant Ruacho-Acuna guilty of illegal importation of approximately two pounds of heroin and the knowing concealment of it after importation in violation of 21 U.S.C.A. § 174. At trial appellant admitted the essential elements of the offenses. On appeal he attacks the District Court's denial of various motions made during the trial, challenges the admissibility of three Government exhibits, and contends that his sentence constitutes cruel and unusual punishment. We affirm.

■ Appellant moved *in limine* to suppress, on the ground of his illegal arrest, heroin found on his person and in plain view in the hotel room which he had entered to consummate a sale to a Special Agent of the Bureau of Customs and a cooperating state agent. The motion was properly denied. Uncontro-verted evidence, including appellant's testimony, conclusively proved that appellant (and his co-defendant who pled guilty) exhibited about two pounds of heroin to the agents in the hotel room. By pre-arranged signal two agents in the next room then entered appellant's room, saw heroin on the bed and table, and found more in appellant's pockets. It would be difficult to imagine a case in which a stronger showing has been made that at the time of arrest, the officers had probable cause to make it. United States v. Acosta, 5 Cir. 1969, 411 F.2d 627. Indeed, the officers would have been derelict in their duty if they had not then and there arrested appellant and seized the heroin.

■ At the hearing on his motion to suppress, appellant requested that the court invoke the rule excluding witnesses from the courtroom; the court obliged. Nevertheless, the court subsequently permitted a Government agent, who had been present during the hearing, to testify. Appellant contends this was error. "The sequestration of witnesses, long practiced in English and United States courts, rests within the sound discretion of the trial judge * * *." United States v. Harris, 4 Cir. 1969, 409 F.2d 77, 81, cert. denied, 396 U.S. 965, 90 S.Ct. 443, 447, 24 L. Ed.2d 430. We find no abuse of discretion or prejudice resulting from the presence of the witnesses during the hearing on the motion. To a large extent the second agent's testimony was non-cumulative and pertained to matters which took place out of the presence of the witnesses who had previously testified.

■ Appellant next assigns as error the court's denial of his request for the name of an informer. This contention is without merit. "There was no showing as in Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, that the identity of the informer was relevant to the defense on the merits. There was in fact no defense here other than the motion to suppress. There was no showing whatever that the informer

played any part in the transaction with which the defendant was charged." United States v. Acosta, *supra*, 411 F.2d at 630.

Appellant's objection to the admissibility of three Government exhibits borders on the frivolous. In his brief he concedes: "This evidence was not damaging." In any event, his argument that seizure of the exhibits was concomitant to appellant's illegal arrest is, as we have noted, without foundation.

Finally, we reject appellant's argument that his sentence constitutes cruel and unusual punishment. The sentence imposed was within the statutory limits. Castle v. United States, 5 Cir. 1968, 399 F.2d 642, 652.

Affirmed.