UNITED STATES of America,
Plaintiff-Appellee,

v.

Carlos ROJAS–COLOMBO, Hipolito Navarro, Defendants-Appellants.

No. 71–2438
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 23, 1972.

Rehearing Denied July 18, 1972.

Fred A. Jones, Jr., Miami, Fla., for Rojas-Colombo.

Harvey J. Michelman, New York City, for Navarro.

Robert W. Rust, U. S. Atty., Neal R. Sonnett, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

GODBOLD, Circuit Judge:

■ Each appellant was sentenced to twenty years upon plea of guilty to a charge of conspiracy to import large amounts of heroin into the United States in violation of 21 U.S.C. §§ 173–74. There is no merit to Colombo's sole contention, which is that imposition of the maximum sentence allowable violated the prohibition of the Eighth Amendment to the United States Constitution against cruel and unusual punishment. Rener v. Beto, 447 F.2d 20 (5th Cir. 1971); United States v. Ruacho-Acuna, 440 F.2d 1199 (5th Cir. 1971); Castle v. United States, 399 F.2d 642, 652 (5th Cir. 1968); Rodriquez v. United States, 394 F.2d 825 (5th Cir. 1968).

Navarro contends that his 20-year sentence is improper because prior to his sentencing Congress repealed 21 U.S.C. §§ 173–174 as part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513, and replaced the repealed offenses with similar proscriptions carrying maximum imprisonment of only 15 years. See 21 U.S.C. §§ 841, 952, 960, 963. The contention is without merit.

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir.. 1970, 431 F.2d 409.

■ The general savings clause for federal statutes, 1 U.S.C. § 109 provides:

The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

\* \* \* \* \* \*

"Under this section, penalties accruing while a statute was in force may be prosecuted after its repeal, unless there is an express provision to the contrary in the repealing statute." United States v. Brown, 429 F.2d 566, 568 (5th Cir 1970). The new act contained a special savings clause, specifying that "[p]rosecutions for any violation of law occurring prior to the effective date of section 701 [repealing the prior laws] shall not be affected by the repeals . . . made by such section . . . ., or abated by reason thereof." Navarro suggests that since prosecution ends in judgment and "judgment" in a criminal case means "sentence," see Corey v. United States, 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963); Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937), the special savings clause mandates that prosecution must have been completed through sentencing by the effective date of the new act in order to avoid the applicability of its lesser penalties. This suggestion, based on a reading of "prosecutions" as relating to "prior," strains beyond reason and beyond the clear import of the clause which is that if a violation occurs prior to repeal then prosecutions shall not be affected or abated. Cf. United States v. Brown, supra.

Reliance on United States v. Stephens, 449 F.2d 103 (9th Cir. 1971), is misplaced. That case held that 26 U.S.C. § 7237(d), prohibiting the use of suspension of sentence and granting of probation as alternatives to imprisonment by which judgment might be satisfied, did not by virtue of either the general or special savings clauses survive its repeal by the new act so as to apply to an offense occurring under the old act. The rationale employed by the court was that since § 7237(d) simply renders unavailable certain sentencing alternatives otherwise generally available, without making any conduct criminal or defining any offense, it poses no threat of affecting or abating any prosecution: "What occurs . . . [after judgment]—the manner in which judgment is carried out, executed or satisfied, and whether or not it is suspended—in no way affects the prosecution of the case." Id. at 105. The rationale, as the above quotation indicates, did not apply to any part of the judgment itself, such as the length of sentence that might be imposed. See United States v. Fithian, 452 F.2d 505 (9th Cir. 1971), decided subsequent to Stephens and presenting a fact sequence identical to the one here, in which the court rejected appellant's contention that he was entitled to be sentenced under the new act. Thus, we conclude that sentence in accord with the limitations contained in § 174 was correct.

Navarro has the opportunity within 120 days after receipt by the District Court of our mandate herein to move before the sentencing judge that the sentence previously imposed be reconsidered and reduced to conform with the limitations of the Comprehensive Drug Abuse Prevention and Control Act of 1970.

Affirmed.