**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Emmitt BRAGER, Defendant-**
**Appellant.**

**No. 72–3196**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 27, 1973.

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Walter J. Woodman, Waxahachie, Tex. (Court-Appointed) for defendant-appellant.

Frank D. McCown, U. S. Atty., Ft. Worth, Tex., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Emmitt Brager pled guilty to a one count indictment charging violation of Title 18, U.S.C., Section 659, theft from interstate shipment of goods of a value in excess of $100, two boxes of electric drills. He was adjudged guilty and thereafter received a custodial sentence of eight years, which was within the

maximum confinement term provided by the statute.[1]

He appeals, urging (a) that the sentence he received is so excessive as to constitute cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution,[2] and further (b) that since the trial judge admittedly based the length of the sentence in part upon appellant's serious prior criminal record, he was twice put in jeopardy for the same offenses, in violation of his Fifth Amendment rights.

Despite the earnestness and ingenuity with which Brager's contentions are argued by his counsel, we find no merit in either ground presented, and affirm.

As to the Eighth Amendment claim, see the following recent cases: United States v. Holley, 5 Cir. 1972, 463 F.2d 634, 639; United States v. Rojas-Colombo, 5 Cir. 1972, 462 F.2d 1091; United States v. Grene, 5 Cir. 1972, 455 F.2d 376, 377; United States v. White, 5 Cir. 1971, 447 F.2d 493, 494; Rener v. Beto, 5 Cir. 1971, 447 F.2d 20 (it does not matter that *Rener* is a Texas *habeas* case, since Robinson v. California, Note 2, supra, made the Eighth Amendment applicable to the states through the Fourteenth); United States v. Williams, 5 Cir. 1971, 446 F.2d 486; United States v. Ruacho-Acuna, 5 Cir. 1971, 440 F.2d 1199, 1201; Castle v. United States, 5 Cir. 1968, 399 F.2d 642, 652. *Rojas-Colombo*, supra, is concise and to the point: "There is no merit to Colombo's sole con-

---

1. The statutory penalty under Title 18, U.S.C., Section 659, for theft from interstate shipment of goods of the value of more than $100 is fine of not more than $5,000, or imprisonment for not more than ten years or both.

2. Brager also contends that because the trial judge took account, in imposing sentence, of his admitted addiction to heroin for the preceding "seven or eight years", his Eighth Amendment right not to be subjected to cruel and unusual punishment was violated in this respect, citing Robinson v. California, 1962, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758. *Robinson* is clearly inapposite. There the Supreme Court struck down as violative of the

Eighth Amendment a California statute under which Robinson had been *sentenced* for being a narcotics addict. The statute, said Mr. Justice Stewart for the Court, impermissibly made the "status" of narcotic addiction a criminal offense, rather than imposing punishment for the use, purchase, sale or possession of drugs. Here the trial judge in imposing sentence for interstate theft gave weight to Brager's admission that he stole to support his habit of using heroin daily over a long period of time. It was clearly an exercise of judicial discretion to determine that society's protection as well as Brager's recovery, both stood to benefit from a long sentence.

tention, which is that imposition of the maximum sentence allowable violated the prohibition of the Eighth Amendment, to the United States Constitution against cruel and unusual punishment. (Citing cases)."

The Fifth Amendment double jeopardy claim is refuted by Williams v. New York, 1949, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337. There, after citing with approval Rule 32(c), F.R.Crim.P. dealing with pre-sentence investigations and reports,[3] the Court observed:

> " . . . A recent manifestation of the historical latitude allowed sentencing judges appears in Rule 32 of the Federal Rules of Criminal Procedure. 18 U.S.C.A. That rule provides for consideration by federal judges of reports made by probation officers containing information about a convicted defendant, including such information 'as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant . . . '
>
> "[A sentencing judge's] task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant —if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information . . .
>
> " . . . *Today's philosophy of individualizing sentences makes sharp distinctions for example between first and repeated offenders.*" (Emphasis supplied) 337 U.S. 246–248, 69 S.Ct. 1082–1083.

As pointed out in the appellee's brief, pages 8–9:

> "The Constitutional propriety of considering a previous conviction in determining the sentence to be assessed for a subsequent offense is starkly obvious when one considers statutes which expressly provide for a greater penalty when a violation is a second or subsequent offense."

Recidivist statutes have been uniformly upheld in the face of Fifth Amendment double jeopardy assaults, as being not punishment for a prior offense, but for the *repetition* of criminal conduct. See, among other cases, Graham v. West Virginia, 1912, 224 U.S. 616, 623, 32 S.Ct. 583, 56 L.Ed. 917; Beland v. United States, 5 Cir. 1942, 128 F.2d 795; Burton v. United States, 9 Cir. 1959, 272 F.2d 473.

Affirmed.

---

3. In the case *sub judice*, the trial judge relied upon a pre-sentence report in imposing sentence upon Brager. In keeping with Northern District of Texas practices and as permitted by Rule 32(c)(2), the Pre-sentence Report was disclosed to the

defendant and his counsel. Its accuracy is not disputed.

