**Emmit BRAGER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 77–1453.**

United States Court of Appeals, Fifth Circuit.

March 10, 1978.

Rehearing and Rehearing En Banc Denied April 10, 1978.

Lee M. Simpson, Dallas, Tex. (Court appointed), for petitioner-appellant.

Kenneth J. Mighell, U. S. Atty., Gerhard Kleinschmidt, Asst. U. S. Atty., Fort Worth, Tex., Richard H. Stephens, Asst. U. S. Atty., Dallas, Tex., for respondent-appellee.

Before COLEMAN and FAY, Circuit Judges, and KING, District Judge.[*]

PER CURIAM.

Emmit Brager contests the dismissal of his § 2255 petition as an abuse of process. The petitioner entered a plea of guilty and was convicted in 1972 of theft from an interstate shipment of freight in violation of 18 U.S.C. § 659. He was sentenced to eight years' incarceration. In his most

* District Judge for the Southern District of Florida, sitting by designation.

recent petition, *Brager* argues that the sentence is "invalid and unconstitutional" because the petitioner's uncounseled juvenile "convictions" were considered by the court in determining his sentence in denial of due process. The District Judge dismissed, holding the petitioner was abusing the legal process, and the petitioner appealed.

In the original appeal Brager asserted, among other grounds, that consideration of petitioner's past convictions in pronouncing sentence constituted double jeopardy. This court affirmed, *U. S. v. Brager*, 474 F.2d 598 (5th Cir. 1973), and certiorari was denied. *Brager v. U. S.*, 414 U.S. 846, 94 S.Ct. 111, 38 L.Ed.2d 93 (1973).

On December 5, 1974, the petitioner filed his first habeas corpus action collaterally attacking this sentence on six diverse grounds. The District Court entered an order on May 1, 1974, denying the relief requested. On May 17 the petitioner filed additional materials in support of his complaint. After directing a response from the government, the District Court again denied the relief requested on July 15, 1974. The petitioner appealed, and this court affirmed pursuant to Local Rule 18. *Brager v. U. S.*, 505 F.2d 1302 (5th Cir. 1975). Petitioner's application for a writ of certiorari was denied on January 30, 1975. *Brager v. U. S.*, 421 U.S. 1014, 95 S.Ct. 2422, 44 L.Ed.2d 683 (1975).

A month after the denial of certiorari in his first habeas action, petitioner filed a second complaint pursuant to 28 U.S.C. § 2255. This complaint consisted of petitioner's appellate brief from the first action with a new introductory paragraph added. That petition was dismissed as an abuse of process on September 21, 1976, and an appeal followed. The dismissal was affirmed without a published opinion. *Brager v. U. S.*, 554 F.2d 1063 (5th Cir. 1977).

On October 5, 1976, even before he filed the appeal from the second habeas dismissal, petitioner filed his third collateral attack, the petition presently before this court. The following findings were adopted by the District Court's dismissal with prejudice for abuse of process:

[c]learly, . . . the Petitioner is intent upon a course of action whereby he will continue to attack his conviction through motions to vacate by means of drawing from various previous petitions and appeals other and different issues in an effort to make good his promise to return to this court repeatedly in an effort to thereby hit upon some means of relieving him from his conviction. The circumstances here appear to clearly evidence on the record an abuse of the procedure governed by Rule 9(b) for Section 2255 proceedings. [Record, Vol. I, at 29.]

The petitioner appealed.

■ The statutory grant upon which petitioner bases his collateral attack provides as follows:

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

28 U.S.C. § 2255 (1971). This has been construed by the Supreme Court to place the determination of abuse of process soundly within the discretion of the trial judges.

Theirs is the major responsibility for the just and sound administration of the federal collateral remedies, and theirs must be the judgment as to whether a second or successive application shall be denied without consideration of the merits.

*Sanders v. U. S.*, 373 U.S. 1, 18–19, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148, 163 (1963). The same case also recognizes that the issuance of a writ of habeas corpus is governed by equitable principles and, therefore, a petitioner may, by his own bad faith, preclude the collateral relief sought. *Sanders*, at 17, and 83 S.Ct. at 1078 (quoting *Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837, 868 (1963)). The concept of

abuse of process derives from this "unexceptionable" equitable principle. *Id.*

In light of the principles expressed above, this court concludes that the record supports the District Court's dismissal of this petition for abuse of process, as well as the implicit finding that the government sustained its burden of proof. The petitioner's pattern of interrelated litigation indicates calculated exploitation of the collateral attack process afforded by 28 U.S.C. § 2255.

Affirmed.