UNITED STATES of America, Plaintiff-Appellee,

v.

Harrol Jerry HOLLEY, Defendant-Appellant.

No. 86–1567
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 22, 1987.

Lawrence J. Pirtle, (court appointed), Houston, Tex., for defendant-appellant.

Roger L. McRoberts, Nancy M. Koenig, Asst.U.S.Attys., Marvin Collins, U.S.Atty., Lubbock, Tex., for plaintiff-appellee.

Before REAVLEY, JOHNSON and DAVIS, Circuit Judges.

REAVLEY, Circuit Judge:

Harrol Jerry Holley appeals his convictions and sentence for receipt of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(h)(1) (current version at 18 U.S.C. § 922(g)(1)), 924(a), and interstate transportation of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a). He claims that the district court should have dismissed the conviction because by the time of sentencing Congress had amended the federal firearms statutes, and he argues that the three-year sentence he received was an abuse of the court's discretion. We affirm.

In 1979 Holley was convicted under Texas law of promoting gambling and sentenced to five years in prison. The state court suspended his sentence and placed Holley on probation for five years. In 1984 the court set aside the conviction and dismissed the indictment pursuant to Texas law providing expunction of a criminal conviction for "satisfactory fulfillment of the conditions of probation." Tex.Code Crim. Proc.Ann. art. 42.12 § 7 (Vernon 1979). Holley subsequently was charged with and, on January 29, 1986, pleaded guilty to, the two federal firearms violations that are on appeal here. On July 21, 1986, the district court sentenced him to two concurrent three-year terms of imprisonment.

There is no question about Holley's culpability under the law in effect when he was charged and pleaded. At that time 18 U.S.C. § 922 provided:

(g) It shall be unlawful for any person—
(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

.    .    .    .    .

to ship or transport any firearm or ammunition in interstate or foreign commerce.

(h) It shall be unlawful for any person—
(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

.    .    .    .    .

to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The word "conviction" in this provision was interpreted by the Supreme Court in *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983). The Court concluded that "expunction of a state conviction was not intended by Congress automatically to remove the federal firearms disability." *Id.* at 115, 103 S.Ct. at 993. In addition, the Court stated that "for purposes of the federal gun control laws, we equate a plea of guilty and its notation by the state court, followed by a sentence of probation, with being 'convicted' within the language of §§ 922(g) and (h)." *Id.* at 114, 103 S.Ct. at 992. Plainly, then, as the law existed prior to May 19, 1986, the conviction and sentencing of Holley were proper.

On that date in 1986 Congress amended 18 U.S.C. § 921 to provide:

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). Appellant argues that his conviction should be set aside on the basis of this amendment. However, Holley's conduct, occurring in years prior to 1986, is not governed by this amendment because the amendment was not effective until November 14, 1986. Section 110 of Public Law No. 99–308, states:

The amendments made by this Act [amending sections 921, 922 ...] shall become effective one hundred and eighty days after the date of the enactment of this Act [May 19, 1986].

18 U.S.C. § 921 note (Supp.1987).

█ Holley advances the common law rule that the repeal of a criminal statute

abates all prosecutions not finally disposed of by the highest court authorized to directly review them, though he is aware that a federal statute has been enacted to at least partially counteract the doctrine of abatement:

### § 109. Repeal of statutes as affecting existing liabilities

The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109. On its face, this general federal savings statute would appear to bar Holley's claim.

Holley argues that the savings statute does not apply to this case, because the Supreme Court has held that it "was meant to obviate mere technical abatement." *Hamm v. City of Rock Hill*, 379 U.S. 306, 314, 85 S.Ct. 384, 390, 13 L.Ed.2d 300 (1964). The Court's example of a technical abatement is the substitution of a new statute with a greater schedule of penalties. *Id.* In *Hamm* itself, the new statute at issue was the Civil Rights Act of 1964, which made illegal prosecutions for peaceably sitting in at all-white lunch counters. The Court ruled that the Civil Rights Act would have retroactive application, since it "works no such technical abatement. It substitutes a right for a crime. So drastic a change is well beyond the narrow language of amendment and repeal." *Id.* Although appellant attempts to bring himself under *Hamm*, it is evident that the change in the firearms statute wrought by Congress in May of 1986 cannot be termed "drastic." Rather, it changes the definition of "conviction" so as to exclude cases where state expungement has occurred. Unlike the Civil Rights Act of 1964, this was unquestionably a case of "amendment and repeal."

Moreover, in *United States v. Brown*, 429 F.2d 566 (5th Cir.1970), we applied the general savings statute in a case analogous to the instant one. We held that "a conviction based on [the Federal Firearms Act of 1947] can be validly rendered after repeal of that statute." *Id.* at 567.

Holley also cites in his favor *Bradley v. School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), where, without discussing the general savings statute, the Court spoke on the question of the retroactivity of a change in the law. The case does not prove Holley's point, however, for the Court there adopts what it calls the "broad" view that "a change in the law must be given [retroactive] effect *unless* there was clear indication that it was *not* to apply in pending cases." *Id.* at 712–13, 94 S.Ct. at 2017 (emphasis in original). In the instant case, there is indeed an indication that Congress did not intend the May 1986 changes to apply to pending cases. By its own terms, the amendment is to take effect only 180 days after its enactment.

Next, Holley points out that his federal firearms conviction and sentence are dependent upon the Supreme Court's statutory interpretation, in *Dickerson*, of the term "conviction," as including expunged convictions. But, he argues, this interpretation has been discredited by the amending legislation, whereby "conviction" no longer includes "expunged conviction." Holley contends that "an amendment substituting a new phrase for one previously construed indicates that the judicial construction of the earlier phrase did not correspond with the legislative intent," and so "it appears likely that the Supreme Court in *Dickerson* and this Court in its earlier decisions misapplied or misinterpreted the Federal Firearms Statutes."

It does not lie within our province to annul *Dickerson*, but the legislative history of the 1986 amending legislation flatly contradicts Holley's argument. The House report on the history of the legislation states that it "expanded the class of persons eligible for relief from the disabilities imposed under the [Gun Control] Act. It benefits persons who had been convicted of a crime ... [and] have been subsequently determined to have reformed." H.R.Rep. No. 495, 99th Cong., 2d Sess. 5 (1986), *reprinted in* 1986 U.S.Code Cong. & Admin.News 1327, 1331. Nowhere is it suggested that

such "expansion" was made necessary only because of the Supreme Court's decision in *Dickerson.* Nor indeed is there any mention at all of *Dickerson,* although the legislative history does contain discussion of other Court decisions.

█ Finally, appellant argues that although the penalty he received was within the statutory limits, nevertheless it "is overly harsh, disproportionate and cruel and unusual." He cites no case holding a term of three years imprisonment to be harsh or "cruel and unusual." Instead, he argues that the three-year term is "cruel and unusual" in light of the legislative changes that have occurred. We have previously rejected this argument. In *United States v. Rojas-Colombo,* 462 F.2d 1091 (5th Cir. 1972), defendant challenged his 20–year sentence because Congress repealed the statute under which he was convicted "and replaced the repealed offenses with similar proscriptions carrying maximum imprisonment of only 15 years." *Id.* at 1091. Defendant's contention was that, because of the statutory change, imposition of the prior maximum 20–year sentence "violated the prohibition of the Eighth Amendment to the United States Constitution against cruel and unusual punishment." *Id.* We held that "the contention is without merit." *Id.* The same is true of the contention raised by Holley.

AFFIRMED.