Santiago **CASIANO**, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

Civ. No. B–96–234.

United States District Court,
S.D. Texas.
Brownsville Division.

Jan. 30, 1997.

**ORDER**

VELA, District Judge.

Before the Court is the Magistrate Judge's Order, Report & Recommendation on the above-referenced cause of action. After a *de novo* review of the entire file, it is the opinion of this Court that the Magistrate Judge's Order, Report & Recommendation of January 10, 1997, should be ADOPTED:

THEREFORE, it is ORDERED, ADJUDGED and DECREED that Santiago Casiano's claims be DISMISSED WITH PREJUDICE as a frivolous action under 28 U.S.C. § 1915A for reasons discussed in the above Recommendation.

### MAGISTRATE JUDGE'S ORDER, REPORT & RECOMMENDATION

BLACK, United States Magistrate Judge.

Plaintiff Santiago Casiano ("Casiano"), a prisoner proceeding *pro se* filed this civil complaint under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* The plaintiff claims indigence and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915(a).

### I. *Legal Standards*

When a plaintiff seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), the court may dismiss the case if satisfied that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Booker v. Koonce*, 2 F.3d 114 (5th Cir.1993); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir.1989). The determination whether an action is dismissible under these grounds may be made prior to service of process. Therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C.

§ 1915(d). *Ali v. Higgs,* 892 F.2d 438 (5th Cir.1990).[1]

This Court also operates under the strictures of the Prison Litigation Reform Act, P.L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"). The PLRA added 28 U.S.C. § 1915A. Under Section 1915A the Court is *required* to screen complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A. The complaint, or any portion thereof, is to be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *Id.*

## II. Background to Casiano's Claim

In *United States v. Casiano,* B–87–CR–484, (S.D.Tex.), Casiano pled guilty to one of three criminal drug counts in return for the dismissal of two counts and the prosecution's promise to "stay silent" at sentencing.[2] On February 8, 1988, Casiano was sentenced to a twenty-two year prison term, a seven-year SRT and a $50 special assessment.[3]

Although no direct appeal was ever taken, Casiano has since been a "frequent flier" in the Southern District. In 1988 Casiano filed two motions to vacate sentence, federal habeas challenges under 28 U.S.C. § 2255. The denials were affirmed by the Fifth Circuit. *United States v. Casiano,* No. 89–2715, 909 F.2d 1480 (5th Cir., July 20, 1990) (per curiam) (unpublished). Several of Casiano's bases were found to be without merit.[4] However, on its own initiative, the court of appeals ordered resentencing upon finding the SRT portion was improper. *Id.* at 4. The district court re-sentenced Casiano, giving him a special term of parole instead of the SRT, on August 15, 1990.

In March 1992, Casiano filed a Section 2255 petition under cause number B–92–CV–38. In an unpublished opinion, the Fifth Circuit affirmed the district court's denial of relief.[5] *United States v. Casiano,* No. 93–7193, 8 F.3d 22 (5th Cir., Oct. 27, 1993) (per curiam) (unpublished).

---

1. Furthermore, the Court notes the following:
   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
   28 U.S.C. § 1915(g). Clearly, by being dismissed as a frivolous abuse of the writ process, the 1994 habeas case discussed herein was without merit. In addition, the Fifth Circuit characterized portions of Casiano's first habeas claims as being frivolous. *United States v. Casiano,* No. 89–2247, 909 F.2d 1480 (5th Cir., July 20, 1990) (unpublished). Therefore, if the district court accepts this Court's recommendation, Casiano will be barred from filing future actions without paying the full costs of suit unless he is "under imminent danger of serious physical injury." Furthermore, "the frivolous appeal of a lower court's dismissal as frivolous counts twice." *Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.,1996) (No. 95–31249).

2. Casiano pled guilty to count 3, aiding and abetting the possession of cocaine, in excess of 500 grams (approximately 560 grams gross), with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) and 18 U.S.C. § 2.

3. Casiano's punishment was enhanced based upon a prior conviction pursuant to a guilty plea

to a Marijuana Tax Act offense, 26 U.S.C. § 4744(a)(2), made September 8, 1970, in *United States v. Casiano,* B–70–CR–606 (S.D.Tex., Brownsville Div.).

4. Consolidated as five points of error for the appeal, the court's rationale for affirming denial of the petitions are summarized as follows: (1) Casiano was properly admonished and knowingly pled guilty to count 3; (2) although the presentence investigation report seemed to indicate a lessor amount of cocaine, the district court clearly had a factual basis for the conviction based on a larger amount (560 grams), *id.* at 6 ("His contention is frivolous."); (3) the government had no duty to inform Casiano of the "variance" in the amount, *id.* (describing count as "frivolous"); (4) the use of enhancement provision was proper; and (5) Casiano's "conclusional allegations" of ineffective assistance of counsel was "meritless." *Id.*

5. Casiano complained of the special term of parole which was imposed after his prior appeal; his denial was based on the merits. In adopting the magistrate judge's recommendation, the district court agreed that the government's abuse of writ allegation was premature. This litigation also resulted in a severed "spin-off" action, numbered 93–251, deemed to have been brought pursuant to 5 U.S.C. § 552(a)(4)(C). This suit was disposed of by grant of the government's motion to dismiss on May 19, 1994.

In 1994, Casiano filed his fourth habeas corpus petition, No. B-94-CV-74, based on his allegation that the government suppressed evidence of the amount of cocaine in his possession. The district court adopted the magistrate judge's recommendation and dismissed the suit as a frivolous abuse of the writ process under Rule 9(b), 28 U.S.C. foll. § 2255. The Fifth Circuit affirmed the abuse of writ finding and dismissal of Casiano's habeas action. *United States v. Santiago Casiano, Jr.,* No. 95-40302, 79 F.3d 1145 (5th Cir., Feb. 14, 1996) (per curiam) (unpublished). In doing so, the panel noted,

> In this petition, Casiano again contends that the district court erred in sentencing him, in a pre-sentencing guidelines offense, to possessing with intent to distribute over 500 grams of cocaine. He asserts, as he did in his first federal habeas petition, that the true amount of the cocaine as reflected in DEA lab reports was less than 500 grams, an amount that would have entitled him to a lesser sentence.

*Id.* at 1-2. Thus, by affirmance of the district court's denial of the habeas application, Casiano's allegation of prosecutorial misconduct was rejected.

### III. Casiano's Present Claim

In this lawsuit, Casiano accuses the United States Attorney and the investigatory law enforcement officers of malicious prosecution. He claims, without reference to either supporting evidence or reasons how, when or why this evidence was not previously known to him, that the prosecution for the underlying offense relied upon evidence U.S. Attorney Jack L. Wolfe knew to have been illegally obtained. As "proof" of this, Casiano alleges that the Government dismissed

charges against a co-defendant, but only after Casiano was sentenced. Therefore, he asserts that the Government violated Casiano's Fifth Amendment due process rights. Casiano "now sues for the sum of $50,000,-000.00 for this action pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 [91 S.Ct. 1999, 29 L.Ed.2d 619] (1971)." (Pl.'s Complaint at 2-3).[6]

■ ▆▆ The Court noted that the standard used in the review of *pro se* pleadings is generous: allegations "must be read in a liberal fashion, and however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers." *Rodriguez v. Holmes,* 963 F.2d 799, 801 (5th Cir.1992) (citing *Richardson v. Fleming,* 651 F.2d 366, 368 (5th Cir.1981) (quoting Supreme Court precedent)) (quotation marks omitted).

It appears that Casiano attempts to disguise his application for writ of habeas corpus under 28 U.S.C. § 2255 [7] as an action for damages in tort under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*[8] Clearly, Casiano complains of an illegally imposed sentence: he asserts that officials investigating and prosecuting the criminal charges knew, prior to sentencing, that evidence used against Casiano was illegally obtained, resulting in the imposition of a prison term. This is an attack on the fact or length of his confinement. Momentarily setting aside the fact that he pleaded guilty to the drug charge, if Casiano's bald allegations were proven, monetary damages would not be the appropriate remedy. Therefore, this Court finds that this *pro se* lawsuit is actually an application for writ of habeas corpus under

---

**6.** Casiano may also request additional relief of $5,000,000 from "AGENTS whom [sic] investigated the alleged offense and further conducted the illegal stop, search and seizure of Mr. Santiago [Casiano], under *San Filippo v. U.S. [T]rost [Trust] Co.[,]* 737 F.2d 246 (2nd Cir.) 1984, cert[.] denied, 470 U.S. 1035, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985)...." *Id.* at 3.

**7.** The relevant portion of Section 2255 is as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Consti-

tution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**8.** In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized an individual's right to recover damages from federal officials for violations of constitutional rights.

28 U.S.C. § 2255. *See Stephenson v. Reno,* 28 F.3d 26 (5th Cir.1994) (per curiam) (affirming dismissal of prisoner's *Bivens* action). If so treated, this action is Casiano's *fifth* such collateral attack of this conviction and sentence.

### IV. Analysis

■ Section 2255, the federal habeas corpus statute, states in pertinent part:

> A second or successive motion *must be certified* as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (emphasis added). Section 2244(b)(3) requires that a second or successive habeas application be authorized by a panel of the court of appeals prior to filing in the district court and lists the applicable procedures and timetables. 28 U.S.C. § 2244(b)(3). Inasmuch this case might have been brought as a Section 2255 action, Casiano has not followed the procedures for filing a successive application for a writ of habeas corpus.

■ Where a *Bivens*-type action challenges the length or fact of confinement and seeks monetary damages, the cause of action "does not accrue until the conviction or sentence has been invalidated." *Stephenson,* 28 F.3d at 27–28 (citing Supreme Court precedent). Dismissal of the *Bivens* claim with prejudice is appropriate. *Id.* at 28. As made clear in this discussion, even if this action were brought or treated as a Section 2255 application, dismissal on would still be appropriate.

■ However, as previously noted, the district court now is *required* to screen complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A. Furthermore, Rule 9(b) of the Rules Governing Section 2255 Proceedings still provides:

> A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governing the rules.

Rule 9(b), 28 U.S.C. foll. § 2255. *See also Brager v. United States,* 569 F.2d 399 (5th Cir.), *cert. denied,* 439 U.S. 896, 99 S.Ct. 256, 58 L.Ed.2d 242 (1978). It is also well-settled that "[t]he law of the case doctrine precludes the reexamination of issues decided, either expressly or by necessary implication, in a previous appeal." *United States v. Casiano,* No. 95–40302 at 4, 79 F.3d 1145 (5th Cir., Feb. 14, 1996) (unpublished) (citing *Chevron USA, Inc. v. Traillour Oil Co.,* 987 F.2d 1138, 1150 (5th Cir.1993)).

Here, no "new or different grounds" are presented. Casiano's bald allegations are without any hint of what new evidence he may have or show how or why these claims might not have been presented at an earlier juncture. The inescapable reality is that Casiano pled guilty:

> First, he specifically admitted to the district court his guilt in possessing approximately 560 grams of gross weight of cocaine. The district court was entitled to rely on this admission of criminal liability in assessing punishment. *Taylor v. Whitley,* 933 F.2d 325, 327 (5th Cir.1991). Second, at no time during sentencing did Casiano object to the PSR's calculation of a gross quantity of 560.5 grams of cocaine, "which laboratory tested to approximately 440 grams of 91% pure heroin." PSR at 3.

*Id.* at 3–4. Prior collateral attacks, including several alluding to prosecutorial or judicial misconduct, have been denied, with several of such attacks specifically addressed as being "frivolous," "meritless," and an "abuse." It is a simple matter to find this habeas petition, disguised as a *Bivens*-type claim, to be "frivolous" under 28 U.S.C. § 1915A. It

would also be easy to find that this action would also be an abuse of the writ application process under Rule 9(b), 28 U.S.C. foll. § 2255. On such grounds, Casiano's cause of action should be DISMISSED with prejudice.

### V. Order & Recommendation

Further action is stayed. It is therefore **ORDERED** that the plaintiff shall file no motions and shall conduct no discovery until authorized by the court. Service of process will not issue in this cause. Any motion filed or discovery initiated or conducted in violation of this order will be stricken.

It is **RECOMMENDED** that Casiano's claims be **DISMISSED WITH PREJUDICE** as a frivolous action under 28 U.S.C. § 1915A for reasons discussed above.

Plaintiff is, of course, authorized to object to this recommendation. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415 (5th Cir.1996) (en banc).

SIGNED at Brownsville, Texas, on this the 10th day of January, 1997.