United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11430
Conference Calendar

_____

YASSER RIVERA,

Petitioner-Appellant,

versus

DAN JOSLIN,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-1426
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Yasser Rivera, federal prisoner # 36918-180, appeals the
district court's dismissal of his 28 U.S.C. § 2241 petition
challenging his jury-trial convictions and sentences for
importation of five kilograms or more of cocaine and possession
with intent to distribute five kilograms or more of cocaine.
Rivera asserts that he was entitled to bring his claim in a
§ 2241 petition under the savings clause of 28 U.S.C. § 2255 and
that the refusal to hear his claim amounted to a suspension of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the writ of habeas corpus.  He also argues the merits of his claim that the Supreme Court's ruling that 18 U.S.C. § 3553(b)(1) was unconstitutional in United States v. Booker, 543 U.S. 220 (2005), abated the prosecution against him.  We review the district court's findings of fact for clear error and its conclusions of law de novo.  See Christopher v. Miles, 342 F.3d 378, 381 (5th Cir. 2003).

As Rivera's claim did not rely upon a retroactively applicable Supreme Court decision that decriminalized the conduct for which he was convicted, Rivera has not made the required showing to challenge his convictions and sentences in a § 2241 petition.  See id. at 382.  Even if we were to assume that Rivera challenged only his continued confinement, not his convictions and sentences, he was still not entitled to relief.  The common law provided that the repeal of a criminal or penalty statute abated all prosecutions thereunder that were not final.  See United States v. Blue Sea Line, 553 F.2d 445, 447 (5th Cir. 1977); United States v. Chambers, 291 U.S. 217, 223 (1934). Rivera was convicted of violating 21 U.S.C. §§ 841(a)(1) and 952(a), and the sentencing provisions for his convictions are set forth in 21 U.S.C. §§ 841(b)(1) and 960(b)(1).  As the statute ruled unconstitutional in Booker concerned only what sentences Rivera received within the statutory ranges, the rule of abatement was inapplicable.  Furthermore, even if abatement by repeal had been applicable, the prosecution of Rivera would not

have been abated due to the general savings clause of 1 U.S.C. § 109.  See <u>United States v. Brown</u>, 429 F.2d 566, 568 (5th Cir. 1970).

AFFIRMED.